## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD MERCER,** | |
| Plaintiff, | |
| v. | Case No. 1:14-cv-01368 (CRC) |
| **INTER-CON SECURITY SYSTEMS, INC.,** | |
| Defendant. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Donald Mercer was fired from his job as a security guard for Inter-Con Systems, Inc., a private security firm, for responding too slowly to an alarm in a State Department building. Mercer alleges that Inter-Con terminated him in violation of the company's collective bargaining agreement with his union and that the union breached its duty of fair representation by not contesting the termination through a grievance. Inter-Con moves to dismiss Mercer's suit because he did not file it within the six-month statute of limitations applicable to such "hybrid" actions by an employee against both his employer and union.[1] The Court agrees that Mercer's suit is time-barred and will grant the motion to dismiss.

### I.      Background

The following facts are drawn from Mercer's amended complaint and are taken as true in evaluating Inter-Con's motion. Mercer worked for Inter-Con as a Security Officer at the U.S. Department of State from 2006 until April 2013. Am. Compl. ¶¶ 5, 7, 10. Inter-Con has a collective bargaining agreement ("CBA") with the union representing its security workers—the Security, Police, and Fire Professionals of America ("SPFPA")—of which Mercer was a member. <u>Id.</u> ¶¶ 3, 49, 54. One day in February 2013, Mercer received a call to respond to an alarm in a

---

[1] Inter-Con's motion includes several other bases for dismissal, but the Court need not reach them because it finds that Mercer's suit is time-barred.

building under his responsibility.  Id. ¶ 12.  Because Mercer did not have the building's elevator

key, he contacted another officer who had one.  Id. ¶¶ 13–14.  It took Mercer approximately 30

minutes to obtain the key from his colleague—who was eating lunch at the time—and go to the

alarm site.  Id. ¶¶ 14, 16–17.  After the alarm was resolved, two of Mercer's supervisors asked him

to write a statement explaining the delay, which he did.  Id. ¶¶ 18–21.  Mercer then went on a

previously-approved vacation.  Id. ¶ 24.

When he returned to work, Mercer was escorted from the building.  Id. ¶¶ 25, 28.  One of

Mercer's supervisors, Justin Beekhuis, told him he could not return to work until he agreed to meet

with an investigative panel regarding his delayed response to the alarm and advised him to make an

appointment with the panel immediately.  Id. ¶¶ 26, 29.  Mercer attempted, unsuccessfully, to

contact Beekhuis about when the panel would meet and did not receive any communications from

the panel itself.  Id. ¶ 30.  On April 19, 2013, Inter-Con sent Mercer a letter instructing him to

contact Beekhuis.  Id. ¶ 31.  Mercer attempted to do so, but Beekhuis never responded.  Id.  On

April 26, 2013, Inter-Con fired Mercer for job-abandonment.  Id. ¶ 33.[2]  Mercer objected to his

termination, believing that Inter-Con had violated the CBA by failing to provide him with a written

notification of the reason for his suspension, a disciplinary hearing, or union representation.  Id. ¶¶

54–55, 59–63.  He urged SPFPA to file a grievance, but his union representative refused.  Id. ¶¶ 50–

55.  Mercer filed this lawsuit on August 11, 2014, some 16 months after his termination.

## II.    Standard of Review

To overcome a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly,

---

[2]  Mercer lists April 26, 2013 as the date of his termination in one paragraph of his amended
complaint, id. ¶ 33, but April 19, 2013 in another, id. ¶ 41.  The Court will use the later date.

550 U.S. 544, 570 (2007)).  Facial plausibility entails "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  While the court "must take all of the factual allegations in the complaint as true," legal conclusions "couched as a factual allegation" do not warrant the same deference.  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).

### III.  Analysis

Mercer's amended complaint alleges two claims against Inter-Con: (1) a common law claim for "detrimental reliance," more commonly known as promissory estoppel, and (2) a violation of Section 301 of the Labor Management Relations Act ("LMRA").  The Court discusses each claim below.

### A.  <u>Promissory Estoppel and Section 301 Preemption of State Law Claims</u>

Mercer bases his promissory estoppel claim on the allegation that Inter-Con promised to convene an investigatory panel hearing before he could resume working but fired him without informing him of whether one had occurred or allowing him to appear before it.  Am. Compl. ¶¶ 36–47.  Promissory estoppel is a state law claim, but section 301 of the LMRA provides federal jurisdiction over lawsuits regarding violations of CBAs.  <u>See</u> 29 U.S.C. § 185.  The Supreme Court has made clear that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization' . . . notwithstanding the fact that state law would provide a cause of action in the absence of § 301." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 23 (1983).  Consequently, Mercer's promissory estoppel claim is preempted by Section 301 of the LMRA and must be dismissed.

### B.  <u>Hybrid Section 301/Fair Representation Claims</u>

When an employee sues his employer for breach of a CBA, he is "[o]rdinarily . . . required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining

agreement." <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 163 (1983) (citing <u>Republic Steel Corp. v. Maddox</u>, 379 U.S. 650 (1965)).  An exception exists where an employee also alleges that his union breached its duty of fair representation in the grievance or arbitration procedure.  <u>Id.</u> at 163–65.  Here, Mercer contends that SPFPA breached its duty by failing to bring a grievance at all despite his requests.  Am. Compl. ¶¶ 50–53; Pl.'s Opp'n at 8–9.  In alleging both that Inter-Con violated the CBA and that the union breached its duty of fair representation, Mercer makes a "hybrid" Section 301 and fair representation claim because "the two claims are inextricably interdependent."  <u>DelCostello</u>, 462 U.S. at 165.  An employee in this situation "may, if he chooses, sue one defendant and not the other"—as Mercer has done here by naming only Inter-Con as a defendant—but "the case he must prove is the same whether he sues one, the other, or both."  <u>Id.</u>

Hybrid actions are governed by a six-month statute of limitations.  See <u>DelCostello</u>, 462 U.S. at 155, 169–72; <u>George v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO</u>, 100 F.3d 1008, 1012, 1014 (D.C. Cir. 1996) ("hybrid section 301/duty of fair representation claims are governed by a six-month statute of limitations"); <u>Montgomery v. Omnisec Int'l Sec. Servs., Inc.</u>, 961 F. Supp. 2d 178, 184 (D.D.C. 2013) (citing <u>N'Diaye v. Commc'ns Workers of Am.</u>, No. 12–1731, 2013 WL 2462110, at *3 (D.D.C. June 7, 2013)).  This period "begin[s] to run 'from the later of (1) when the employee discovers, or in the reasonable exercise of diligence should have discovered, the acts constituting the alleged [breach] by the employer, or (2) when the employee knows or should have known of the last action taken by the union which constituted the alleged breach of its duty of fair representation.'"  <u>Montgomery</u>, 961 F. Supp. 2d at 184 (citing <u>Watkins v. Commc'ns Workers of Am., Local 2336</u>, 736 F. Supp. 1156, 1159 (D.D.C. 1990)).  Here, Inter-Con fired Mercer on April 26, 2013 at the latest.  Am. Compl. ¶¶ 33, 41.  Mercer did not file this suit until August 11, 2014, nearly 16 months later. While the amended complaint does not specify exactly when Mercer learned of his termination or

SPFPA's decision not to contest it, his opposition does not dispute Inter-Con's argument that he did not file this action until nearly sixteen months after the relevant statute of limitations period began to run.  See Coleman v. Johnson, 19 F. Supp. 3d 126, 134 (D.D.C. 2014) (citing Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.")).

Mercer argues that rather than the six-month period, the District of Columbia's three-year statute of limitations for contract cases should apply.  In doing so, Mercer relies heavily on a D.C. Circuit case with a very similar factual background: a security guard who worked at federal buildings sued his employer, a private company, for violating its CBA by punishing him for failing to respond to an emergency in a timely manner.  Cephas v. MVM, Inc., 520 F.3d 480, 483 (D.C. Cir. 2008).  But Mercer overlooks a critical difference between this case and Cephas: The six-month statute of limitations did not apply in Cephas because the plaintiff only "allege[d] a straightforward breach of the CBA by his employer, not a hybrid claim" involving an allegation of a breach of the duty of fair representation by the union as well.  Id. at 489.  Accordingly, the statute of limitations analysis in Cephas does not apply here and Mercer's suit is barred by the six-month statute of limitations for hybrid Section 301/fair representation actions.

**IV.      Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Dkt. No. 10] is GRANTED.

This is a final, appealable order.

**SO ORDERED.**


_____
CHRISTOPHER R. COOPER
United States District Judge

Date:    March 4, 2015